UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN M. ACEVEDO-VARGAS, | ) | CIVIL ACTION NO. 3:25-CV-703 |
| Plaintiff | ) | |
| | ) | (MUNLEY, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| DANIEL EBERSOLE, | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

In this civil rights lawsuit, *pro se* Plaintiff Juan M. Acevedo-Vargas ("Plaintiff") brings claims pursuant to 42 U.S.C. § 1983 against a domestic relations employee. (Doc. 8). Plaintiff has been granted leave to proceed *in forma pauperis*. Because he is proceeding *in forma pauperis*, Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). Under this statute, the Court is required to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1]

After reviewing Plaintiff's amended complaint, we conclude that it fails to state a claim upon which relief may be granted and will recommend the amended complaint be dismissed.

---

[1] 28 U.S.C. § 1915(e)(2)(B).

## II.    BACKGROUND AND PROCEDURAL HISTORY

On April 22, 2025, Plaintiff lodged the complaint initiating this case. (Doc. 1). Plaintiff applied for and was granted leave to proceed *in forma pauperis*. On April 28, 2025, we issued a screening order finding that Plaintiff's complaint failed to state a claim upon which relief could be granted. (Doc. 7). We granted Plaintiff leave to file an amended complaint to fix the deficiencies noted in the order. *Id*.

On May 27, 2025, Plaintiff filed an amended complaint. (Doc. 8). As Defendant, Plaintiff names Daniel Ebersole, identifying him as an employee in the child support division of Domestic Relations in the Scranton Office. (Doc. 8, p. 1).

Plaintiff alleges that he was

> arrested by Scranton Police Department on a Domestics Relations Section Warrant on December 20, 2024 and brought to Lackawanna County Prison where [he] currently reside[s]. On December 23, 2024 a court hearing was held without [his] presence and/or any counsel representation. Therefore [his] 14th Amendment Due Process Clause was violated. [His] 6th Amendment Rights of the Accused to a fair trial violated after [his] 14th Amendment was violated meaning [he] received any counsel at all and [he is] entitled to effective assistance of competent counsel. Because of cruel and unusual punishment under the 8th Amendment also is been violated due to miscalculation of sentencing time. [He hasn't] been served with any warrant paperwork since [he's] been here and is also cruel punishment because at the time of arrest [he] held a job and [] was paying [his] child support by getting [his] wages withdrawn from [his] salary; meaning [he] was complying with [his] responsibility. Additionally the cruelty extends to [his] daughter because none of the child support payments are being distributed while [he is] here incarcerated. A direct violation of 8th Amendment because is cruel to have the balance accruing while incarcerated.

(Doc. 8, pp. 2-3) (all errors in original). As relief Plaintiff requests a court date, adjustment of his child support and possibly monetary relief. (Doc. 8, p. 3).

We construe Plaintiff's amended complaint as asserting claims pursuant to 42 U.S.C. § 1983 for the violation of his Sixth, Eighth and Fourteenth Amendment rights.

### III.   STATUTORY SCREENING OBLIGATION UNDER 28 U.S.C. § 1915(E)

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by litigants given leave to proceed *in forma pauperis*. Specifically, the Court is obliged to review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal--
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

When conducting this screening analysis, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure.[2] At this early stage of the litigation, the district court must: "accept the facts alleged in [a plaintiff's] complaint as true," "draw[ ] all reasonable inferences in [their] favor," and "ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim."[3] A court need not "credit a complaint's 'bald assertions' or 'legal conclusions,'"[4] and does not need to assume that a plaintiff can prove facts not alleged.[5]

In considering a motion to dismiss and in screening complaints under 28 U.S.C. § 1915(e), the court generally relies on the complaint, attached exhibits, and matters of public record.[6] "The standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. §§ 1915(e) and 1915A and under 42 U.S.C. § 1997e(c)."[7]

---

[2] *See e.g.*, *Endrikat v. Ransom*, No. 1:21-CV-1684, 2022 WL 4111861, at *2 (M.D. Pa. Sept. 8, 2022) ("In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

[3] *Shorter v. United States*, 12 F. 4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

[4] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted).

[5] *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

[6] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[7] *Banks v. Cnty. of Allegheny*, 568 F.Supp.2d 579, 588 (W.D. Pa. 2008) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)).

A *pro se* litigant, however, is entitled to have their complaint liberally construed. This requires that we hold the complaint to a less stringent standard than a pleading drafted by a licensed attorney.[8] "Liberal construction of *pro se* pleadings means paying attention to what the litigant has alleged and using common sense."[9] The Court may "apply the relevant legal principle even when the complaint has failed to name it," but cannot supply what plaintiff has not alleged or imagine that unpleaded facts exist.[10]

## IV.   ANALYSIS

Plaintiff brings his § 1983 claims against a single Defendant, Daniel Ebersole, who he identifies as an employee of Domestic Relations in the Scranton office. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."[11] To prove a claim under § 1983, a plaintiff must establish two things: (1) a deprivation of a federally protected right; and (2) that the deprivation was committed by a person or persons acting under color

---

[8] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[9] *Gindraw v. Sanford*, No. 3:24-CV-65-KAP, 2024 WL 3179781, at *2 (W.D. Pa. June 26, 2024).
[10] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)); *Gindraw*, 2024 WL 3179781, at *2.
[11] *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (citing *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000)).

of state law.[12] "In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims."[13] It is not enough to state "a mere hypothesis that an individual defendant had personal knowledge of or involvement in depriving the plaintiff of his rights," as that "is insufficient to establish personal involvement."[14]

Outside of being named as a Defendant, Ebersole is not mentioned in the amended complaint. Plaintiff alleges violations of his Sixth, Eighth, and Fourteenth Amendment rights, but does not provide any facts demonstrating or even suggesting how Ebersole was involved in the violation of any of his constitutional rights. The amended complaint does not describe any actions by Ebersole. Thus, Plaintiff fails to plead Ebersole's personal involvement in the violation of his civil rights and fails to state a claim upon which relief can be granted.

If a civil rights complaint is subject to dismissal for failure to state a claim, "a district court must permit a curative amendment unless such an amendment would

---

[12] *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005) (quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

[13] *Verticelli v. Commonwealth of Pennsylvania, Dep't of Corrs.*, No. 25-CV-1463, 2025 WL 1426082, at *2 (E.D. Pa. May 15, 2025).

[14] *Gannaway v. PrimeCare Med., Inc.*, 150 F.Supp.3d 511, 526-27 (E.D. Pa. 2015), *aff'd sub nom*, *Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91 (3d Cir. 2016).

be inequitable or futile."[15] In our initial screening order we explained that, in order to state a § 1983 claim, Plaintiff must plead facts in his amended complaint that demonstrate Ebersole's personal involvement in the violation of Plaintiff's constitutional rights. Plaintiff did not heed our instruction and so we find that giving him further leave to amend would be futile. Accordingly, we will recommend the amended complaint be dismissed.

## V.  RECOMMENDATION

Accordingly, it is RECOMMENDED THAT:

(1)  Plaintiff's amended complaint (Doc. 8) be DISMISSED.

(2)  The Clerk of Court be directed to mark this case CLOSED.

Date: May 28, 2025                                BY THE COURT

                                                  *s/William I. Arbuckle*
                                                  William I. Arbuckle
                                                  U.S. Magistrate Judge

---

[15] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN M. ACEVEDO-VARGAS, | ) | CIVIL ACTION NO. 3:25-CV-703 |
| Plaintiff | ) | |
| | ) | (MUNLEY, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| DANIEL EBERSOLE, | ) | |
| Defendant | ) | |

## NOTICE OF LOCAL RULE 72.3

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: May 28, 2025　　　　　　　　　　　　　BY THE COURT

　　　　　　　　　　　　　　　　　　　　　*s/William I. Arbuckle*
　　　　　　　　　　　　　　　　　　　　　William I. Arbuckle
　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge